**Frank Kingsley, Administrator, Appellee, v. Farmers Lumber & Grain Company, Appellant.**

### Gen. No. 6,458.    (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. John M. Niehaus, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed February 12, 1918. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Frank Kingsley, administrator of the estate of Cloyd Kingsley, deceased, plaintiff, against Farmers Lumber & Grain Company, defendant, to recover damages for the death of plaintiff's intestate. From a judgment for plaintiff for $5,000, defendant appeals.

Defendant's grain elevator and engine room 20 feet distant were connected by an iron shaft, used to convey power to the elevator, resting on supports every 8 feet, and such shaft was about 2 feet and 3 inches from the ground. The intestate, a child 8 years and 3 months old, was killed while playing with the shaft by his overcoat becoming caught in it and whirling him around. The shaft was not observable from the street but was from a runway into the elevator up which teams drove from the street, the runway being within 6 feet of the shaft, and the revolutions of the shaft being observable for 15 feet.

Joseph W. Maple and Dailey & Miller, for appellant.

Weil & Bartley and Jesse Black, Jr., for appellee.

Mr. Justice Dibell delivered the opinion of the court.

Kingsley v. Farmers Lumber & Grain Co., 209 Ill. App. 38.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1672*—*when sufficiency of declaration cannot be questioned on appeal.* The sufficiency of a declaration cannot be questioned on appeal after defendant pleaded over upon overruling of its demurrer to the declaration and made no motion in arrest of judgment, and the supposed defects in the declaration were merely technical.

2. NEGLIGENCE, § 25*—*when duty lies upon owner of land to keep premises in safe condition for benefit of children.* The occupant of land is under no obligation to strangers to keep his premises in a safe condition for the benefit of those who come upon his premises for their own pleasure without his invitation, except as to a child of tender years if the things causing the injury have been left exposed and unguarded and are such as to appeal to his childish curiosity and instincts.

3. NEGLIGENCE, § 45*—*what care required of owner to keep premises having upon them dangerous attractions for children safe.* Unguarded premises having upon them dangerous attractions to a child of tender years are treated as holding out implied invitations to such a child, and the occupant of such premises must use ordinary care to keep them in safe condition.

4. NEGLIGENCE, § 45*—*when evidence shows that children might reasonably be expected near shaft in elevator.* Evidence *held* sufficient to warrant the finding that defendant might reasonably expect children near the power shaft, by which plaintiff's intestate was injured, in defendant's grain elevator, and in sight of such shaft, and a child to be attracted to the shaft from a runway into the elevator, from a place where the child might reasonably be expected to be, within the meaning of the rule that a dangerous thing must be so located as to attract a child from some place where it might be expected to be in order to charge the occupant of the premises with liability for injuries to such child.

5. NEGLIGENCE, § 45*—*when evidence shows that power shaft is attractive to childish instincts.* Evidence *held* sufficient to warrant the finding that a power shaft, on which plaintiff's intestate was injured, in defendant's grain elevator was attractive to childish instincts and that plaintiff's intestate was attracted to it by his childish instincts when he was at a place where children were permitted to be, and must have been expected by defendant to be, namely, a runway into the elevator.

6. INSTRUCTIONS, § 20*—*when instruction that rulings of court in refusing to direct verdict should not be considered is incompetent.* An instruction that the jury should not consider certain rulings of the court in refusing to direct a verdict for the defendant, as con-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

taining an intimation that defendant was liable, was not competent unless it should be made to appear that the rulings were made in the presence and hearing of the jury.

7. INSTRUCTIONS, § 151*—*when properly refused.* Proffered instructions covered by the main charge are properly refused.

NIEHAUS, J., took no part.